[No. 3275. Decided June 27, 1899.]

NEW YORK SECURITY AND TRUST COMPANY, *Appellant,*

v. THE CITY OF TACOMA *et al., Respondents.*

MUNICIPAL CORPORATIONS—WARRANTS—LIABILITY FOR PAYMENT—EFFECT OF LOSS OF FUNDS.

City warrants regularly issued by the proper officers, and in the hands of innocent purchasers, would not be affected by the subsequent loss of bank deposits applicable to their payment, arising through the insolvency of the banks.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.    Reversed.

*Crowley & Grosscup, Bogle & Richardson,* and *John A. Shackleford,* for appellant.

*W. H. Pritchard, Walter M. Harvey,* and *John Leo,* for responodents.

The opinion of the court was delivered by

DUNBAR, J.—We have examined in detail the evidence in this case from beginning to end and find that in all essential particulars it is identical with the case of *Bardsley v. Sternberg,* decided by this court and reported in 18 Wash. 612 (52 Pac. 251, 524). This case was probably more vigorously and skillfully tried on the part of the city, both in the court below and in this court, than was the former case, but the subject of the controversy was the same, viz., did the acts of the treasurer constitute a payment of the warrants in question? and the evidence on all the vital points was substantially the same. There was some little additional testimony as to the intention of the original holders, so far as their part of the transaction was concerned; but, as between the present owners of these warrants and the city, this question is not involved, it nowhere appearing that the original owners make any claim to any interest in the warrants. In fact, by their testimony, they disclaim ownership. It is conceded in the argument, and found by the court, that the warrants involved were regularly issued by the proper officers of the city and that, in the hands of the original payees, they were valid obligations of the city; and it is not contended that they have ever been paid for, in money furnished by the city or by any one else, other than the parties to whom they were delivered by Boggs. The loss of the city by subsequent deposits in banks which afterwards became

insolvent cannot affect the validity of these warrants in the hands of innocent purchasers. They were regular upon their face and, if the transactions of the treasurer did not constitute payment at the time, the fact that the city was afterwards unfortunate in its choice of depositaries is not a circumstance which can have any retroactive effect on the original transaction. The case of *Bardsley v. Sternberg* first received the attention of this court in June, 1897, when, after an elaborate presentation, it was decided by a divided court that the legal effect of the transactions of the treasurer was a payment of the warrants in controversy. That opinion is reported in 17 Wash. 243 (49 Pac. 499). A lengthy petition for rehearing was filed in due course of time, which seemed to a majority of the court to present a proper case for rehearing. An answer was called for, and subsequently a rehearing was granted on the merits. The case was again elaborately argued, and the court, upon lengthy and mature deliberation, reversed its former ruling and held, by a majority opinion, that the acts of the treasurer did not constitute payment of the warrants. A very earnest and elaborate dissenting opinion was filed in that case, which shows conclusively that all the matters which are in controversy in this case had been the subject of earnest consideration and discussion by the court. The majority opinion was announced after a thorough examination of the testimony and the law applicable thereto. A petition for rehearing was again submitted, and, after due deliberation by the court, was denied. In view of these facts, and the fact above mentioned—that no new principle is involved in this case—we feel that it would subserve no useful purpose to again enter into a discussion of the law applicable to the facts as shown by the record. Therefore, following the rule announced in the case of *Bardsley v. Sternberg,*

18 Wash. 612 (52 Pac. 251, 524), the judgment will be reversed/and the case remanded, with instructions to grant the relief prayed for in the complaint.

GORDON, C. J., and ANDERS and FULLERTON, JJ., concur.